APPEALS OF AMERICAN CENTRAL FRUIT AUCTION CO.

Docket Nos. 3084, 3169. Submitted October 5, 1925. Decided December 1, 1925.

Personal service classification denied.

Robert Ash, Esq., for the taxpayer.
J. A. Adams, Esq., for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

These are appeals from determinations of deficiencies in income and profits tax for the years 1918 and 1919 in the amounts of $15,896.37 and $18,236.29, respectively. The questions in issue are: (1) Whether during the years 1918 and 1919 the taxpayer was a personal service corporation within the meaning of section 200 of the Revenue Act of 1918, and (2) whether the taxpayer is entitled to deduct from its income for the years 1918 and 1919 amounts for salaries of officers in excess of the amounts actually paid. For the purpose of the hearing the appeals were consolidated.

### FINDINGS OF FACT.

The taxpayer is a corporation organized in 1913 under the laws of the State of Arizona, with its principal office at St. Louis, Mo. During the years 1918 and 1919 the outstanding capital stock was $200,000, par value, divided into 2,000 shares, which were issued $165,000 for good will and $35,000 for cash. It was organized for the purpose of carrying on a wholesale fruit business at auction on a commission basis and was the successor to two preceding organizations engaged in the same business in St. Louis. The assets and liabilities of the corporation were stated on its books of account as follows:

#### 1918.

##### ASSETS.

| | |
|---|---|
| Good will | $165,000.00 |
| Furniture and fixtures | 2,944.50 |
| United States Liberty loan bonds (par) | 25,000.00 |
| Deed of trust | 10,000.00 |
| Cash | 13,153.34 |
| | 216,097.84 |

##### LIABILITIES.

| | |
|---|---|
| Capital stock | 200,000.00 |
| Surplus invested in Liberty loan bonds | 5,000.00 |
| Surplus in reserve | 5,100.00 |
| Undivided profits | 5,997.84 |
| | 216,097.84 |

#### 1919.

##### ASSETS.

| | |
|---|---|
| Good will | $165,000.00 |
| Furniture and fixtures | 2,825.90 |
| United States Liberty bonds (par) | 35,000.00 |
| Deed of trust | 10,000.00 |
| Cash | 19,425.63 |
| | 232,251.53 |

LIABILITIES.

| | |
|---|---|
| Capital stock | $200,000.00 |
| Surplus invested in Liberty loan bonds | 15,000.00 |
| Surplus in reserve | 10,700.00 |
| Undivided profits | 6,551.53 |
| | 232,251.53 |

During the tax years involved in this appeal there were 27 stockholders, 7 of whom were officers or employees of the company. The number of shares of stock, the amount of time devoted to the company, and the compensation of each officer was as follows:

| | Number of shares | Time devoted | Salary |
|---|---|---|---|
| H. C. Pixley (general manager and auctioneer) | 20 | All | $80 week. |
| J. H. Snyder (cashier and bookkeeper) | 10 | do | $35 week. |
| Edw. A. Schopp (president) | 53 | Part | $25 year. |
| O. A. Sommers (secretary and treasurer) | 100 | do | Do. |
| V. R. Fiorita (vice president) | 24⅜ | do | None. |
| Bob Milligan (director) | 107 | Director | Do. |
| H. M. Smith (director) | 61 | do | Do. |
| | 375⅜ | | |

The total amount of stock owned by the officers of the company was 375⅜ shares, or 18.77 per cent of the total stock outstanding. There were other full-time employees who owned no stock in the company.

The sole business of the company was the sale of fruit at auction. The fruit was turned over to the company in carload lots by the owner or agent of the shipper and auctioned off to the highest bidder, either in carload lots or in minimum lots of 20 boxes. The company acted as selling agent and never as principal. The sales were made for cash and the proceeds, less the company's 2 per cent commission and a "terminal charge" of 1 cent per package for handling, were immediately turned over to the owner or agent for whom the fruit was sold. It was customary for the company to pay the freight charges on cars of fruit received, which were deducted from the proceeds of the sale on completion of the transaction.

The auctions were held daily at the Wabash Railroad Terminal, which the company rented, beginning at 9 o'clock in the morning and lasting about two hours. They were open to the public generally and the sale was made to the highest bidder. About 20 per cent of the buyers were stockholders of the taxpayer. Other stockholders attended the auctions when they had fruit of their own to offer, to observe the market, and to stimulate interest in the buying.

The stockholders, most of whom were fruit dealers or brokers, frequently and continuously sought to secure business for the auction

company through their personal acquaintance with fruit growers and shippers and through constant communication with the fruit dealers they represented in their individual businesses.   The united support of the principal fruit dealers in St. Louis thus assured the company a substantial business and at the same time benefited the individual interests of the stockholders.

The earnings and expenses of the company for the years 1918 and 1919 were as follows:

### 1918.

#### EARNINGS.

| | | |
|---|---:|---:|
| Commission for selling | $58, 378. 67 | |
| Terminal charges | 10, 763. 52 | |
| Interest on bank certificates | 500. 00 | |
| Interest on deed trust | 600. 00 | |
| Interest on daily bank balances | 333. 66 | |
| Interest on United States Government Liberty loan bonds | 149. 00 | |
| | | $70, 724.85 |

#### EXPENSES.

| | | | |
|---|---:|---:|---:|
| Labor: | | | |
| Office | $12, 226. 10 | | |
| Warehouse | 15, 332. 16 | | |
| | | 27, 558. 26 | |
| Officers' salary | { 25. 00 / 25. 00 | | |
| | | 50. 00 | |
| Fuel, light, and power | | 246. 17 | |
| Rent one month, December | | 200. 00 | |
| Furniture and fixtures | | 372. 61 | |
| Insurance and surety bond premium | | 867. 03 | |
| Stationery | | 883. 94 | |
| Telephone, etc | | 254. 61 | |
| Postage | | 77. 47 | |
| Adv. and market letters | | 67. 50 | |
| Donations: | | | |
| Salvation Army | $25. 00 | | |
| Red Cross | 50. 00 | | |
| U. W. Workers | 150. 00 | | |
| | | 225. 00 | |
| Repairs | | 99. 43 | |
| Miscellaneous expenses | | 409. 78 | |
| Taxes and licenses: | | | |
| Federal income paid at source | $4, 108. 50 | | |
| Federal capital stock | 112. 50 | | |
| State and city | 1, 000. 26 | | |
| | | 5, 221. 26 | |
| | | | 36, 685. 66 |

| | |
|---|---:|
| Total profits for year | 34,039. 19 |

Total sales, $2,905,775.50.

1919.

#### EARNINGS.

| | | |
|---|---:|---:|
| Commission for selling | $77,971.77 | |
| Terminal charges | 13,717.80 | |
| Interest on deed of trust | 600.00 | |
| Interest on daily bank balances | 444.65 | |
| Interest on United States Government Liberty loan bonds | 1,176.10 | |
| | | $93,910.32 |

#### EXPENSES.

| | | | |
|---|---:|---:|---:|
| Labor: | | | |
| Office | $14,731.40 | | |
| Warehouse | 23,080.60 | | |
| | | 37,812.00 | |
| Officers' salary | 25.00 | | |
| | 25.00 | | |
| | | 50.00 | |
| Fuel, light, and power | | 359.07 | |
| Rent | | 2,400.00 | |
| Furniture and fixtures | | 353.40 | |
| Insurance and S. B. premium | | 248.60 | |
| Stationery | | 721.23 | |
| Phones, etc | | 277.05 | |
| Postage | | 39.45 | |
| Attorney fees, etc | | 41.93 | |
| Advertising and market letters | | 105.00 | |
| Repairs | | 67.90 | |
| Hardware, brooms, and sacks | | 188.71 | |
| Auditing books | | 25.00 | |
| Miscellaneous | | 150.43 | |
| Taxes: | | | |
| Estate and city | $636.36 | | |
| Federal | 280.50 | | |
| | | 916.86 | |
| | | | 43,756.63 |
| Total profits for the year | | | 50,153.69 |

Total sales, $3,871,276.95.

The corporation paid dividends of $19.07 per share in 1918 and $24.49 per share in 1919. The salaries paid the officers of the corporation for each of the years 1918 and 1919, and claimed as deductions from gross income in tax returns, amounted to $50.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

SMITH: One of the requirements of a personal service corporation is that its income shall be ascribable primarily to the activities of

the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation. In the instant appeal holders of more than 80 per cent of the stock are not officers or employees of the taxpayer corporation. They are interested in the success of the corporation, but there is no evidence that they are "regularly" engaged in the active conduct of its affairs. In view of this fact the corporation fails to meet one of the essential requirements of a personal service corporation.

The taxpayer claims the right to deduct from gross income for the years 1918 and 1919 amounts for salaries of officers in excess of the amounts ever paid or incurred. The statute permits the deduction of ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, "including a reasonable allowance for salaries or other compensation for personal services actually rendered." It is the contention of the taxpayer that salaries of only $50 per year to its two principal officers is not reasonable compensation for services actually rendered, and, therefore, that in computing net income the taxpayer should be entitled to the deduction of a larger amount for compensation of officers. Salaries or other compensation of officers which are neither paid nor incurred are not ordinary and necessary expenses and are not legal deductions from gross income under section 234 (a) (1) of the Revenue Act of 1918.