*203 OPINION.
Smith
: One of the requirements of a personal service corporation is that its income shall be ascribable primarily to the activities of *204 the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation. In the instant appeal holders of more than 80 per cent of the stock are not. officers or employees of the taxpayer corporation. They are interestedi in the success of the corporation, but there is no evidence that they are “regularly” engaged in the active conduct of its affairs. In view of this fact the corporation fails to meet one of the essential requirements of a personal service corporation.
The taxpayer claims the right to deduct from gross income for the years 1918 and 1919 amounts for salaries of officers in excess of the amounts ever paid or incurred. The statute permits the deduction of ordinary and necessary expenses paid or incurred during the taxable-year in carrying on any trade or business, “including a reasonable allowance for salaries or other compensation for personal services-actually rendered.” It is the contention of the taxpayer that salaries, of only $50 per year to its two principal officers is not reasonable-compensation for services actually rendered, and, therefore, that in computing net income the taxpayer should be entitled to the deduction of a larger amount for compensation of officers. Salaries or-other compensation of officers which are neither paid nor incurred are not ordinary and necessary expenses and are not legal deductions, from gross income under section 234 (a) (1) of the Revenue Act of 1918.